| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** <br> ------------------------------------------------------------------- x <br> **ROSADO**, <br>                                         **Petitioner,** <br>         -against- <br> **YELICH**, <br>                                         **Respondent.** <br> ------------------------------------------------------------------- x | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC#: _____ <br> DATE FILED: __10/27/2020__ <br><br> 1:18-cv-06435-ALC <br><br> <u>OPINION AND ORDER</u> |

**ANDREW L. CARTER, JR., District Judge:**

The Court now considers a petition for writ of habeas corpus, wherein Petitioner Froilan Rosado contends his conviction for Sex Trafficking, as defined in New York Penal Law § 230.34(5)(a), was not supported by legally sufficient evidence. In particular, Rosado contends there was insufficient evidence to support a verdict that he compelled a woman to engage in prostitution under the threat of physical violence, one of the elements of Penal Law § 230.34(5)(a). For the reasons that follow, this petition is DENIED.

BACKGROUND

Rosado was arrested as part of a prostitution sting on December 19, 2014. An undercover police officer called Rosado's cellphone in response to an ad that had been posted online and booked an appointment with a woman who worked as a prostitute, Rhinette Guerrero. Rosado drove Guerrero to a hotel, where she met the undercover officer, who offered her money for sex and also asked her for cocaine. Guerrero phoned Rosado, who told the undercover officer that he could get him cocaine. Both Guerrero and Rosado were arrested.

A New York County grand jury charged Petitioner with Sex Trafficking (Penal Law § 230.34(5)(a)) and two counts of Promoting Prostitution in the Third Degree (Penal Law §

1

230.25(1), (2)). The Sex Trafficking charge required the prosecution to show "that on or about November 15, 2014, to on or about December 19, 2014, . . . Rosado advanced or profited from prostitution"; that he "did so by using force or by engaging in any scheme, plan, or pattern to compel or induce" Guerrero "to engage in or to continue to engage in prostitution activity, by means of instilling a fear [in her] that if the demand was not complied with, [Rosado] or another would cause physical injury, serious physical injury, or death to [Guerrero]"; and that Rosado "did so intentionally". ECF No. 11-2., Trial Transcript ("Tr. 2") 1029-30.

On September 15, 2015, following a jury trial, Petitioner was convicted as charged. He was sentenced, as a second felony offender, to an aggregate prison term of 7 to 14 years. Rosado appealed the conviction, arguing he was improperly convicted of Sex Trafficking because the evidence "failed to show that he used any force to compel Ms. Guerrero to commit acts of prostitution", that his "right to an impartial jury was compromised when the court denied his request for a jury inquiry after there was evidence of premature deliberations", and that "in the event [his] [S]ex [T]rafficking conviction was not reversed, his sentence for that count should be lowered in the interest of justice". ECF No. 10, SR086-87. On January 9, 2018, the Appellate Division, First Department, affirmed the judgment of conviction, and the New York Court of Appeals denied leave to appeal. *People v. Rosado*, 157 A.D.3d 465 (1st Dep't), *lv. denied*, 31 N.Y.3d 1017 (2018).

In affirming the conviction for Sex Trafficking, the First Department concluded:

> The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the credibility determinations of the jury. The evidence amply supported all of the elements of [S]ex [T]rafficking, including the requisite forcible compulsion (*see* Penal Law § 230.34 [5] [a]). One of the prostitutes who worked for

2

> [Rosado] testified that he grabbed her by the throat when she refused to meet with a client she thought was an undercover police officer. She testified that she only went on the call because she feared [Rosado] would harm her if she did not obey him. *Rosado*, 66 N.Y.S.3d at 443.

The testimony regarding force to which the First Department refers was given by Guerrero. She testified that on an evening in late November or early December, prior to the one on which she and Rosado were arrested, she went to a call with Rosado at Pelham Garden Hotel, located in the Bronx. Guerrero felt "iffy" about the call because she suspected it was the police. ECF No. 11-1, Trial Transcript ("Tr. 1") 507-08. She testified that after she told Rosado she did not want to go to the call, "he forced [her] to go in there" by placing his hands on her throat while saying "you wanted to go get money, go get money". Tr. 1 508. Guerrero testified that she got out of the car because she was worried that Rosado, whose hands were on her throat, was going to "squeeze her throat", Tr. 1 519, but he "let [her] leave the car", Tr. 1 509. She was "scared at this point" and "went to the call and [] did what [she] had to do." Tr. 1 509. Guerrero gave Rosado half of the money she was paid for having sex at that call. Tr. 1 510. Guerrero further testified that she "continue[d] to work for the [Rosado] after that" and was "scared of him" "especially when he was on coke", as which time she described him as "crazy, always bitching, moody". Tr. 1 510.

In July 2018, Rosado, pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This petition advances the three arguments Rosado presented on direct appeal: (1) his conviction for Sex Trafficking was not supported by legally sufficient evidence and was against the weight of the evidence; (2) the trial court violated his due process rights by failing to question the jurors about whether they had engaged in preliminary deliberations; and (3) his sentence was excessive and should be reduced in the interest of justice. ECF No. 1 ¶ 12. On September 24, 2018, Respondent filed an opposition countering that Petitioner's legal sufficiency

challenge should be denied because the Appellate Division reasonably applied clearly established Supreme Court law in rejecting the claim and Petitioner's remaining claims should be denied because they are not cognizable in a federal habeas proceeding. ECF No. 9-1 at 3. On reply, Petitioner conceded that his second and third claims for relief are not cognizable but continued to press his first insufficiency of the evidence argument. ECF No. 12 at 4-5. The Court will therefore consider this claim.

## STANDARD OF REVIEW

"In a challenge under 28 U.S.C. § 2254 to the evidentiary sufficiency of a state criminal conviction, [a court] review[s] the evidence in the light most favorable to the State and the applicant is entitled to habeas corpus relief only if no rational trier of fact could find proof of guilt beyond a reasonable doubt based on the evidence adduced at trial." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). In addition to "crediting every inference that could have been drawn in the government's favor", a court must also "defer[] to the jury's assessment of witness credibility, and its assessment of the weight of the evidence." *United States v. Vilar*, 729 F.3d 62, 91 (2d Cir. 2013) (citing *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008)). "Petitioner bears a 'very heavy burden' in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." *Ponnapula*, 297 F.3d at 179 (citing *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir.1993) ).

## DISCUSSION

Crediting every inference that could have been drawn in the government's favor and deferring to the jury's assessment of witness credibility, and its assessment of the weight of the evidence, this Court concludes Rosado's conviction was supported by legally sufficient evidence.

When considering the sufficiency of the evidence of a state conviction "[a] federal court must look to state law to determine the elements of the crime." *Ponnapula*, 297 F.3d at 179 (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999), *cert. denied*, 528 U.S. 1170 (2000)). N.Y. Penal Law § 230.34(5) provides, in relevant part, that "[a] person is guilty of [S]ex [T]rafficking if he or she intentionally advances or profits from prostitution by. . . using force or engaging in any scheme, plan or pattern to compel or induce the person being patronized to engage in or continue to engage in prostitution activity by means of instilling a fear in the person being patronized that, if the demand is not complied with, the actor or another will do one or more of the following: (a) cause physical injury, serious physical injury, or death to a person. . . ."

This Court agrees with the First Department's conclusion that there is sufficient evidence for Rosado's conviction for Sex Trafficking. Rosado's contention seems to be that the evidence showed only consensual prostitution and did not support the jury's finding that Rosado used force to compel Guerrero to engage in prostitution. However, this argument disregards testimony from Guerrero that described her engaging in sex for pay on threat of use of force during the period for which Rosado was convicted of Sex Trafficking. Specifically, Guerrero testified that sometime in late November or early December she went with Rosado to the Pelham Garden Hotel to meet a client; that she did not want to engage in sex for pay at the Pelham Garden Hotel; that when she expressed this to Guerrero, he put his hands on her throat and said "you wanted to go get money, go get money"; that she exited the car for fear he would squeeze her throat; that she felt scared so she "did what she had to do" and had sex for pay; and that she gave Rosado a portion of the proceeds. Guerrero also testified that she continued to work for Rosado after his incident and was "scared of him", especially when he used cocaine. This testimony from Guerrero is sufficient

evidence for the jury's verdict that Rosado used force to compel Guerrero to engage in prostitution and is guilty of Sex Trafficking.

Petitioner highlights various issues that appear to invite the Court to consider Guerrero's credibility, including her difficult childhood, drug use, subsequent history of prostitution, and concern with being prosecuted herself. However, "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal. . . ." *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) (citing *Rosa*, 11 F.3d at 337; *United States v. Parker*, 903 F.2d 91, 97 (2d Cir.), *cert. denied*, 498 U.S. 872, 112 L. Ed. 2d 158, 111 S. Ct. 196 (1990)). A "federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir. 1994) (quoting *Jackson*, 443 U.S. at 326). Here, the Court is required to presume that the jury incorporated any complicating evidence in its determination that Rosado is indeed guilty of Sex Trafficking.

## CONCLUSION

For the reasons above, this petition for habeas corpus is DENIED.

**SO ORDERED.**
**Dated:**     **New York, New York**
            **October 27, 2020**

_____
       **ANDREW L. CARTER, JR.**
       **United States District Judge**